FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
_____ DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
MAY 07 2014
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

RECEIVED WD/AR APR 30 2014 U.S. CLERK'S OFFICE

Richard Patrick Horton
(Enter above the full name of the plaintiff in this action.)

Prisoner ID No. 3880

V.     CASE NO. 14-5136

Terry Ray,
Sgt. Wells, Deputy Sheppard,
Christopher Kelley,
(Enter above the full name of the defendant, or defendants, in this action.)

I.   Previous Lawsuits

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

      Yes _____     No  X

   B.   If your answer to A is yes, describe each lawsuit in the space below including the exact plaintiff name or alias used. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1.   Parties to this lawsuit

         Plaintiffs: _____

         _____

         Defendants: _____

         _____

(Revised 12/2011)

-1-

2. Court (if federal court, name the district; if state, name the county):

_____

_____

3. Docket number: _____

4. Name of judge to whom case was assigned: _____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. Place of Present Confinement: Benton County Jail,

_____

III. There is a written prisoner grievance procedure in the Arkansas Department of Correction and in your county jail. <u>Failure to complete the grievance procedure may affect your case in federal court.</u>

A. Did you present the facts relating to your complaint in the state or county written prisoner grievance procedure?

Yes  X      No _____

B. If your answer is YES, Attach copies of the most recent written grievance(s)/response(s) relating to your claims showing completion of the grievance procedure. <u>**FAILURE TO ATTACH THE REQUIRED COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.**</u>

C. If your answer is NO, explain why not: _____

_____

_____

IV. Parties

(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of plaintiff: Richard Horton

Address: Benton County Jail, 1300 S.W. 14th St., Bentonville, Ar, 72712

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

B. Defendant: Terry Ray

Position: Probation Officer

Place of Employment: U.S. Probation Office

Address: 35 E. Mountain St., Fayetteville, Ar. 72701

Defendant: Sgt. Wells

Position: Sargeant

Place of Employment: Benton County Sheriffs Office

Address: 1300 S.W. 14th St, Bentonville, Ar. 72712

Defendant: Deputy Sheppard

Position: Benton County Deputy

Place of Employment: Benton County Sheriffs Office

Address: 1300 S.W. 14th St, Bentonville, Ar. 72712

Defendant: Christopher Kelley

Position: Deputy

Place of Employment: <u>Benton County Sheriffs Office</u>

Address: <u>1300 S.W. 14th St., Bentonville, Ar. 72712</u>

Defendant: _____

Position: _____

Place of Employment: _____

Address: _____

V. Are you suing the defendants in: (check the appropriate blank)

  ____ official capacity only
  ____ personal capacity only
  __X__ both official and personal capacity

VI. At the time of the alleged incident(s), were you:
(check the appropriate blank)

  ____ in jail and still awaiting trial on pending criminal charges
  ____ serving a sentence as a result of a judgment of conviction
  ____ in jail for other reasons (*e.g.*, alleged probation violation, etc.)

Explain: <u>I was arrested on a misdemeanor warrant for Third degree domestic assault.</u>

Please provide the date of your conviction or probation or parole revocation:

<u>My revocation hearing is set for 5/7/14</u>

VII. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

<u>On the evening of February, 17, 2014, plaintiff</u>

Richard Horton was contacted by defendant Terry Ray via cell phone in regards to a misdemeanor warrant out of Benton County for a Third degree domestic assault on a family or household member. When the plaintiff recognized who it was, he immediately placed the phone call on speakerphone so that his (plaintiff's) two passengers Edith Weaver and Clyde Walker Jr. could witness the entire (cont.)

### VIII. Relief

If you are seeking to recover damages from the named defendants, check the appropriate blank or blanks below for the type or types of damages that you are seeking:

[X] Compensatory damages (designed to compensate persons for injuries, such as physical pain and suffering, etc., that are caused by the deprivation of constitutional rights)

[X] Punitive damages (designed to punish a defendant for engaging in misconduct and deter a defendant and others from engaging in such misconduct in the future)

State briefly below any other relief you are seeking in this action. Make no legal arguments. Cite no cases or statutes.

Plaintiff requests compensatory damages in the amount of $250,000 for pain and suffering and mental anguish of incarceration. Plaintiff also request punitive damages in the amount $25,000 from each defendant.

## Statement of Claim (cont.)

conversation between the plaintiff and defendant Terry Ray.

During the conversation with defendant Ray the plaintiff tried to explain his attempts to "take care" of the warrant. Plaintiff attempted to explain that he was not guilty of the charges in which the Benton County Sheriff Office was alleging he had committed.

Defendant would not accept the explanation and told he needed to "go turn himself in" that all it would be is "a fine". Plaintiff informed defendant Ray that he was not going to turn himself in and put himself in jail for a crime he did not commit. At no point during the conversation with defendant Ray did the plaintiff say that "he was not going down without a fight" or that "he was not going to let anyone put handcuffs on him for something he didn't do."

Plaintiff ended the conversation with defendant Ray and proceeded to go home, or where he was staying at the moment (10103 Gramling Rd.), on the way to Gramling Rd plaintiff dropped Edith Weaver and Clyde Walker Jr. off at 'Edith' vehicle. The plaintiff stopped at a Dollar General on the way and picked up some sodas and left. It was when he left the Dollar General that he noticed he was being followed and suspected it was a police car.

5(a)

Statement of Claim (cont.)

When the plaintiff turned off of Highway 62 East the car following him turned off also. When the plaintiff turned onto North Arkansas St, he noticed several police cars on N. Arkansas and Cloverdale Rd. The plaintiff was not that far from his residence and proceeded to his RV, because he had his dog in the vehicle with him, which is a pit bull and Benton County officers are notorious for shooting pit bulls. The plaintiff was concerned for the safety of his dog whom he had just taken to the vet.

The plaintiff pulled into the driveway of his RV and shut the vehicle off. Plaintiff noticed an officer walking across the yard with a rifle in his hands aiming it at the plaintiff. The plaintiff raised his hands to show that he was unarmed.

At that point another officer walked in front of the vehicle and aimed something at the plaintiff and ordered the plaintiff out of the vehicle. When plaintiff reached down to take his seatbelt off, to exit the vehicle the officer in front shot him with a Taser.

When the plaintiff removed one of the barbs from his chest, another deputy appeared at the side of his vehicle shouting "you want to fight with us, and shot him again with another

5 (6)

Statement of Claim (cont.)

taser. The plaintiff informed the deputies that he was not trying "fight with them" and why were they shooting him with the tasers. The plaintiff removed the wires from the prongs, at which point the deputies jerked jerked the plaintiff from his vehicle and threw him to the ground. Booking photos from Feb. 18, 2014 will show an abrasion on the left cheek.

When the EMS unit showed plaintiff was taken over to the unit. Plaintiff was asked if he had any medical conditions and he informed the EMS that he had been diagnosed with hyperthyroidism and that he was feeling some chest pains. The EMT took his blood pressure which was 140/90, to which the deputy said the plaintiff was "fine" and placed him in the back seat of his car. At that point Sgt. Wells stood at the door with his cell phone in his hand and told the plaintiff that he (Sgt. Wells) had received a text message from the plaintiff' probation officer (Terry Ray) stating that "the plaintiff was not going to turn himself in" and that the plaintiff was not going in without a fight.

At no time during the whole incident did the plaintiff act aggressively towards the deputies, and at no time did the plaintiff give the a reason

5(c)

## Statement of Claim (cont.)

to Tase him twice while he was trying to comply with their directives.

Defendant Terry Ray conspired with Sgt. Wells and other deputies to violate plaintiffs Fifth, Eighth, and Fourteenth Amendment rights, in that they used excessive force to apprehend the plaintiff. Defendant Kelley's own report states a clear violation, in stating that the plaintiffs alleged history of violence consisted of three separate possession of firearm charges. Which in of of themselves do not constitute violence.

Defendants acted in their official capacities and under color of authority to deprive the plaintiff of the rights stated above.

The plaintiff sustained injuries from the prongs of the Tasers, rotator cuff injuries from being yanked off of the ground by the handcuffs, to the face and head from having somebodys knee on the side of his head while he was being held down. Plaintiff is still suffering muscle damage from the electrical current of the Tasers. The plaintiff was also refused medical treatment by the Benton County Sheriffs Department, even though he made them aware of possible heart conditions.

The plaintiff was subjected to this abuse of authority, because of an allegation made by

5(d)

Statement of Claim (cont.)

the Benton County Sheriff's Department that the plaintiff committed a Third degree assault on a family or household member, a Class C misdemeanor. The actions of the defendants' far exceeded the requirement for service of a misdemeanor warrant.

Wherefore, plaintiff prays that this honorable court will grant the relief requested in the name of justice.

5(e)

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed this  18th  day of  April , 20 14 .

_Richard Horton_
**Signature of Plaintiff**

